IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MISTY L. O., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-CV-335-MTS |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Misty L. O. requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts the Commissioner erred because the ALJ incorrectly determined she was not disabled. For the reasons discussed below, the Court **REVERSES and REMANDS** the Commissioner's decision denying benefits.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920. Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that she has a medically severe impairment or combination of impairments that significantly limit her ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.

At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that she does not retain the residual functional capacity ("RFC") to perform her past relevant work.

If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account her age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Id*. at 750.

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). A court's review is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is

"more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). A court, however, may not re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if a court might have reached a different conclusion, the Commissioner's decision will stand if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## Background and Procedural History

On July 7, 2020, Plaintiff filed an application for Title II disability insurance benefits (42 U.S.C. § 401, *et seq.*) under the Social Security Act. (R. 15, 36, 191-97). She alleged an inability to work beginning on May 8, 2020, due to limitations resulting from dermatophytosis, spinal fusion, depressive disorder, left hip trochanteric, and radiculopathy of the right lower extremity. (R. 218, 233). Plaintiff was fifty-five years old at the time of the ALJ's decision. (R. 38, 218). She is a high school graduate with some college and has past relevant work as project manager, vendor relations manager, dispatch supervisor, and social service instructor. (R. 28, 38, 62-63).

Plaintiff's application was denied both initially and upon reconsideration. (R. 108-11, 113-18). At Plaintiff's request, ALJ Patrick R. Digby conducted an administrative hearing on December 9, 2021. The hearing was held by teleconference pursuant to COVID-19 procedures. (R. 15, 34-66, 119-20, 136). ALJ Digby issued a decision on January 21, 2022, denying benefits

3

and finding Plaintiff not disabled. (R. 15-29). Plaintiff sought review by the Appeals Council, which it denied on June 9, 2022. (R. 1-5). As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

Following the five-step sequential process, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since May 8, 2020, the alleged onset date. (R. 17). At step two, he found Plaintiff suffered from severe impairments of degenerative disc disease of the lumbar spine, degenerative joint disease of the bilateral hips, and obesity. *Id*. The ALJ determined at step three that Plaintiff's impairments did not meet or equal a listed impairment. (R. 21). Based upon his consideration of Plaintiff's subjective allegations, the medical evidence, and the medical source opinion evidence, the ALJ concluded that Plaintiff retained "the [RFC] to perform sedentary work as defined in 20 CFR 404.1567[(a)]" with the following additional limitations:

> [She] can occasionally lift and/or carry, including upward pulling of 10 pounds, and can frequently lift and/or carry, including upward pulling of 10 pounds. She can sit for 6 hours in an 8-hour workday with normal breaks and stand and/or walk with normal breaks for 4 hours in an 8-hour workday, but no greater than 30 minutes at one time with the ability to sit and change positions without being off task. There is no limitation in the upper extremity for gross and fine handling. Her ability to push and/or pull, including operation of foot controls, is occasionally. She can occasionally climb ramps and stairs, but not work on wet, slippery, icy surfaces or uneven terrain. She can frequently stoop, kneel, and crouch, but never crawl. She cannot work on ladders, ropes, or scaffolds, at unprotected heights, around dangerous machinery, above or around open bodies of water, or no work with vibrating tools, such as power tools or air compression tools.

(R. 21-22).

At step four, the ALJ determined Plaintiff had past relevant work as a project manager, vendor relations manager, dispatch supervisor, and social service instructor. (R. 28). Based on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff could perform past

relevant work as a project manager (as generally and actually performed), a vendor relations manager (as generally performed), and a dispatcher supervisor (as generally performed). (R. 28, 63-64). As a result, the ALJ found Plaintiff had not been under a disability from May 8, 2020, through the date of the decision. (R. 29).

**Errors Alleged for Review**

Plaintiff raises two allegations of error in her challenge to the Commissioner's denial of benefits on appeal: (1) the ALJ failed to consider Plaintiff's non-severe mental impairments throughout the sequential evaluation process; and (2) the ALJ's assessment of Plaintiff's RFC was legally flawed and not supported by substantial evidence. (Docket No. 13 at 6-12). Because the Court finds the ALJ failed to properly consider Plaintiff's non-severe mental impairments in the RFC, the Court reverses the ALJ's decision on this basis and does not address Plaintiff's second argument.

**Consideration of Plaintiff's Mental Impairments**

Plaintiff contends that even though the ALJ determined her anxiety and depression were non-severe impairments at step two, he was required to discuss the impact of the non-severe impairments in the RFC assessment at step four. Plaintiff specifically argues the ALJ failed to explain how the mild mental limitations in functioning at step two impacted her RFC and capacity for performing her past relevant work at step four. Defendant counters that the ALJ properly considered Plaintiff's physical and mental impairments in combination when determining the RFC, and the decision is supported by substantial evidence. (Docket No. 15 at 3-15).

At step two, in addition to certain physical impairments, the ALJ determined Plaintiff's "medically determinable mental impairments of depression and anxiety" were non-severe, as they "d[id] not cause more than minimal limitation in the [Plaintiff's] ability to perform basic mental

work activities[.]" (R. 18). He noted that Plaintiff received mental health treatment from Lanette Barnett, LPC, in 2019 and 2021, and her records showed "mostly conservative treatment for the [Plaintiff's] depression and anxiety and objective findings were often unremarkable or normal." (R. 18). The ALJ also mentioned Plaintiff's treatment from Veterans' Affairs ("VA"), including prescribed medications and normal psychiatric examinations. *Id*. He further found the assessments of the state agency mental consultants that Plaintiff's mental impairments were non-severe "[were] consistent with and supported by the medical evidence of record." *Id*.

The ALJ then considered the four areas of mental functioning, the "paragraph B criteria," and determined Plaintiff had no limitation in understanding, remembering, or applying information, but she had mild limitations in interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself. (R. 18-20). He concluded Plaintiff's mental impairments were "nonsevere" and made the following statements regarding her mental RFC:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental [RFC] assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. The following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.

(R. 20).

In *Wells v. Colvin*, 727 F.3d 1061 (10th Cir. 2013), the Tenth Circuit determined that language similar to that used by the ALJ in this case was inadequate to support omitting mental impairments from the RFC assessment. In *Wells*, the ALJ determined at step two that the claimant had mild restrictions in all four areas of functioning, and then "stated that [the] findings do not result in further limitations in work-related functions in the [RFC] assessment below." *Id*. at 1069; *see also Alvey v. Colvin*, 536 Fed. Appx. 792, 794 (10th Cir. Aug. 28, 2013) (finding a step-two

statement similar to that in *Wells* was inadequate).  The court was concerned that such language indicated the ALJ "may have relied on his step-two findings to conclude that [the claimant] had no limitation based on her mental impairments[,]" and that such reliance was "inadequate under the regulations and the Commissioner's procedures."  *Id*.[1]  It explained that a "conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." *Id*. at 1068-69.  "[T]he ALJ must consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe*."  *Id*. at 1065 (emphasis in original), citing 20 C.F.R. § 404.1545(a)(2) ("We will consider all of [a claimant's] medically determinable impairments . . . including [ ] medically determinable impairments that are not 'severe,' . . . when we assess [a claimant's RFC].").

      The *Wells* court, however, determined that an inadequate step-two statement could be cured if the ALJ "satisfied [his] obligation at step four to provide a more detailed assessment of [the claimant's] ability to complete various job functions as part of determining [the] RFC." *Id*. at 1069.  The RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Social Security Ruling (SSR), 96-8p, 1996 WL 374184, at *7 (July 2, 1996).  The ALJ also must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id*.

---

[1] In *Wells*, the court illustrated that the ALJ "could . . . find at step two that a medically determinable impairment posed no restriction on the claimant's work activities" and that "[s]uch a finding would obviate the need for further analysis at step four." 727 F.3d at 1065 n.3.  It pointed out that because the ALJ found "mild" restrictions in three of the functional areas, further analysis was required.  *Id*., citing 20 C.F.R. § 404.1520a(c)(4) (permitting the ALJ to find the degree of limitation in the functional areas as "none").

Here, the ALJ assessed Plaintiff's RFC and did not include any mental functional limitations. Although he made a general statement that he considered both severe and non-severe medical conditions when formulating the RFC (R. 28), the only reference to Plaintiff's mental impairments was his determination that Ms. Barnett's letter was not persuasive (R. 27).[2] Moreover, the ALJ discussed Plaintiff's testimony pertaining to her physical complaints, but he made no mention of her testimony regarding the effects of her depression, anxiety, and the mental limitations caused by her pain disorder when concluding that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (R. 22).[3] Thus, the ALJ not only failed to acknowledge Plaintiff's testimony regarding her mental impairments in the RFC discussion, but he also failed to state whether he believed her subjective allegations and did not explain his rejection of them.

These failures demonstrate the ALJ failed to provide the detailed narrative discussion of Plaintiff's mental impairments in the RFC assessment as required by the regulations. *See* SSR 96-8p, 1996 WL 374184, at *7; *see also Alvey*, 536 Fed. Appx. at 794 ("[A]t step four the ALJ here, unlike the ALJ in *Wells*, did not engage in any analysis of mental limitations and how they may be

---

[2] The ALJ specifically found the opinion was "not a function-by-function analysis of the claimant's ability to perform work-related activities" and that it was "not consistent with the mental health records, which often showed unremarkable or normal mental status examinations, including those conducted by Ms. Barnett." (R. 27). He then referred back to his step-two finding that Plaintiff's mental impairments were non-severe. *Id*.

[3] At the administrative hearing, Plaintiff testified she has suffered from depression and anxiety for several years, but the progression of her problems with her back and hips and her inability to do certain activities has caused her depression and anxiety to worsen. (R. 42, 50-51). She also testified that she suffers from a pain disorder, which affects her memory and concentration, making it difficult to stay on task, and that some of her medication makes her drowsy throughout the day. (R. 49-50). She agreed that her prior work was mentally demanding, and she did not feel mentally capable of performing her prior work. (R. 52-53). Plaintiff testified she received medication for her depression and anxiety monthly from the VA, and she saw her therapist every two weeks. (R. 57, 59, 60).

8

impacted (or not) by [the claimant's] medically determinable mental impairments. It appears, therefore, that the ALJ failed to employ the step-four analytical procedure prescribed by the regulations."); *Peggy L.P. v. Kijakazi*, 2022 WL 15798576, at *4 (N.D. Okla. Oct. 28, 2022) ("Absent a discussion of how Plaintiff's non-severe mental impairment was accounted for in the RFC assessment, or an explanation why such impairment did not impose any functional limitations, the Court is unable to 'credit [the ALJ's] conclusion with substantial evidence.'"), quoting *Wells*, 727 F.3d at 1071.

Even if a court finds an ALJ failed to properly consider a claimant's non-severe impairment when assessing the RFC, remand is not warranted if the error is harmless. A determination of harmless error may be appropriate where a court can "confidently say that no reasonable fact finder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). In *Alvey*, the Tenth Circuit specifically considered harmless error when determining whether an ALJ's failure to consider a claimant's mental impairments at step four warranted remand. The court found remand was not warranted "[b]ecause the evidence . . . d[id] not support assessing any functional limitations from mental impairments[.]" *Id*. at 794. In reaching its harmless error determination, the *Alvey* court relied upon the absence of treatment records from a mental health practitioner in the record and the fact that there was no substantial evidence to support any specific mental limitations in the RFC. *Id*. at 794-95.

In this case, the Court cannot find that the ALJ's failure to properly address Plaintiff's non-severe mental impairments in the RFC is harmless error. The record includes numerous mental health treatment records, including Plaintiff's treatment and counseling records from the VA from July 2019 through September 2021 (R. 435-522, 550-74, 681-742) and therapy records from Ms.

9

Barnett from February 2019 through October 2019 (R. 837-62) and from March 2021 through October 2021 (R. 863-94).  The record also documents Plaintiff was taking medication and receiving cognitive behavioral therapy associated with her diagnosis of pain disorder with related psychological factors and major depressive disorder.  (R. 421, 433-522, 542-47).  Moreover, the record includes evidence as late as May 2021, which the ALJ did not discuss, that Plaintiff was suffering from certain mental difficulties that could affect her ability to perform her past relevant work.[4]  Further, there is no psychological consultative examination in the record.

For these reasons, this Court finds remand is appropriate.  On remand, the ALJ should consider Plaintiff's non-severe mental impairments and include a narrative discussion in the RFC assessment addressing whether Plaintiff's mental impairments, combined with her physical impairments, result in any mental limitations in the Plaintiff's RFC.

## Conclusion

For the foregoing reasons, the ALJ's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 17th day of October, 2023.

_____
MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRCT COURT

---

[4] As part of its examination of Plaintiff on May 3, 2021, for VA rating purposes, Plaintiff was noted to exhibit:  (1) depressed mood, (2) anxiety, (3) chronic sleep impairment, (4) mild memory loss, such as forgetting names, directions, or recent events, (5) flattened affect, (6) difficulty in understanding complex commands, (7) difficulty adapting to stressful circumstances, including work or a work-like setting, and (8) inability to establish and maintain effective relationships.  (R. 721).